UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-cv-81077-DIMITROULEAS

HOWARD COHAN,

    Plaintiff,

vs.

SNJ PETROLEUM, INC.,
d/b/a OKEECHOBEE VALERO,

    Defendant.
_____/

### **FINAL DEFAULT JUDGMENT**

THIS CAUSE is before this Court pursuant to Plaintiff's Motion for Entry of Final Default Judgment [DE 14] filed on November 7, 2019. The Court has reviewed the record and notes the default entered by the Clerk of the Court on October 23, 2019. [DE 11].

A "defendant, by his default, admits the plaintiff's well pleaded allegations of fact" as set forth in the complaint, *Eagle Hosp. Physicians, LLC., v. SRG Consulting, Inc*., 561 F.3d 1298, 1307 (11th Cir. 2009). Following the entry of a default judgment, final judgment pursuant to Rule 55(b), *Fed.R.Civ.P.*, may be entered if there is a sufficient basis in the pleadings to support the relief sought, *Tyco Fire & Sec., LLC., v. Alcocer*, 218 F.App"x 860, 863 (11th Cir. 2007).

Accepting the well-pleaded allegations of the Complaint as true, Plaintiff has demonstrated that he is entitled to injunctive relief under the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 1281, *et. seq.*

Accordingly, it is **ORDERED and ADJUDGED**, that:

1.    Default Judgment is **ENTERED** in favor of Plaintiff Howard Cohan and against Defendant, SNJ Petroleum, Inc., d/b/a Okeechobee Valero.

2. Defendant shall alter its Premises within six (6) months of the date of this Judgment to make said Premises accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA by rectifying the following specific ADA Violations:

   a. Provide operable restroom door handle that is functional and in the proper reach ranges as required for a person with a disability in compliance with 2010 ADAAG §§309, 309.1, 309.2, 309.3, 309.4 and 308.

   b. Provide proper signage for an accessible restroom or which redirects a person with a disability to the closet available accessible restroom facility in compliance with 2010 ADAAG §§ 216, 216.2, 216.6, 216.8, 603, 703, 703.1, 703.2, 703.5 and 703.7.2.1.

   c. Provide a swinging door or gate with proper maneuvering clearance in compliance with 2010 ADAAG §§404, 404.1, 404.2, 404.2.3, 404.2.4 and 404.2.4.1.

   d. Provide hand dryer that is functional and in the proper reach ranges as required for a person with a disability in compliance with 2010 ADAAG §§309, 309.1, 309.2, 309.3, 309.4 and 308.

   e. Provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in compliance with 2010 ADAAG §§606 and 606.5.

   f. Provide paper towel dispenser or its operable part at the correct height above the finished floor in compliance with 2010 ADAAG §§606, 606.1 and 308.

   g. Provide mirror(s) above lavatories or countertops at the proper height above the finished floor in compliance with 2010 ADAAG §§603 and 603.3.

h. Provide flush controls located on the open side of the water closet in compliance with 2010 ADAAG §§309, 309.4, 604 and 604.6.

i. Provide water closet in the proper position relative to the side wall or partition in compliance with 2010 ADAAG §§604 and 604.2.

j. Provide grab bars of proper horizontal length and spacing as required along the rear wall in compliance with 2010 ADAAG §§604, 604.5, 604.5.1 and 604.5.2.

k. Provide the proper spacing between a grab bar and top of the water closet in compliance with 2010 ADAAG §§609, 609.1 and 609.3.

l. Provide the proper spacing between a grab bar and toilet paper dispenser in compliance with 2010 ADAAG §§609, 609.1 and 609.3.

m. Provide sufficient clear floor space around a water closet without any obstructions in compliance with 2010 ADAAG §§4.22.3, 603, 603.2.3, 604, 604.3, 604.3.1 and 604.8.

n. Provide a door with a continuous opening pressure of no greater than 5 lbs. in compliance with 2010 ADAAG §§404, 404.1, 404.2, 404.2.9 and 309.4.

o. Provide seating for person(s) with a disability that has the correct clear floor space for a forward approach in compliance with 2010 ADAAG §§902, 902.2, 305 and 306.

p. Provide sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for person(s) with a disability in compliance with 2010 ADAAG §§226, 226.1, 902, 305 and 306.

q. Provide pathways or aisles in compliance with 2010 ADAAG §§403, 403.1 and 403.5.1.

3. The Plaintiff is, in addition, entitled to recover attorney's fees, costs, expert fees and litigation expenses. The Plaintiff shall file a motion concerning the same within thirty (30) days from the date of this order.

4. The Clerk is directed to **CLOSE** this case and terminate any pending motions as moot.

5. The Clerk is **DIRECTED** to mail a copy of this Judgment to the address below.

**DONE AND ORDERED** in chambers, at Fort Lauderdale, Florida, this 19th day of November, 2019.

*[signature]*

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
All Counsel of Record

SNJ Petroleum Inc. d/b/a Okeechobee Valero
c/o Muhammad Hasan, R.A.
5528 Albin Drive,
Greenacres, FL 33463

SNJ Petroleum Inc. d/b/a Okeechobee Valero
c/o Muhammad Hasan, R.A.
2900 Okeechobee Blvd.
West Palm Beach, FL 33409